**STATE OF LOUISIANA**　　　　　\*　　　　NO. 2019-KA-0186

**VERSUS**　　　　　　　　　　\*

　　　　　　　　　　　　　　　　**COURT OF APPEAL**

**TRAE WILLIAMS**　　　　　　　\*

　　　　　　　　　　　　　　　　**FOURTH CIRCUIT**

　　　　　　　　　　　　　　　\*

　　　　　　　　　　　　　　　　**STATE OF LOUISIANA**

　　　　　　　　　　\* \* \* \* \* \* \*


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 522-053, SECTION "D"
Honorable Paul A Bonin, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
**ON REMAND FROM SUPREME COURT**

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge
Sandra Cabrina Jenkins)


Leon Cannizzaro
District Attorney
Kyle Daly
Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

　　　COUNSEL FOR THE STATE OF LOUISIANA

Meghan Harwell Bitoun
Louisiana Appellate Project
P. O. Box 4252
New Orleans, LA 70178-4252

　　　COUNSEL FOR APPELLANT


　　　　　　　　　　**CONVICTION VACATED; REMANDED**

　　　　　　　　　　**SEPTEMBER 9, 2020**

EAL

JCL

SCJ

This matter is on remand from the Louisiana Supreme Court for an error patent review in light of *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020). After reviewing the record in light of the applicable law, we find that *Ramos* is applicable and, accordingly, remand the case back to the district court for further proceedings.

***Relevant Fact and Procedural History***

The defendant's conviction for manslaughter is based on a non-unanimous jury verdict. On appeal, this court reversed the defendant's conviction, *State v. Williams,* 2019-0186, pp. 2-5 (La. App. 4 Cir. 9/25/19), 280 So.3d 1185, 1187-89, but the Louisiana Supreme Court subsequently reversed that decision,[1] *State v.*

_____

[1] On June 12, 2020, the Louisiana Supreme Court issued the following *per curiam* opinion:

> Writ granted. The district court did not err in admitting testimony as to the victim's telephone call to his daughter of the victim's fearful state of mind and present sense impression of the altercation. *See State v. Magee*, 11-0574, p. 48 (La. 9/28/12), 103 So.3d 285, 319. As to the hearsay testimony of the victim's statement that he had called 911 and thought that defendant and Mr. Williams were going to kill him, this testimony was not contemporaneously objected to, and thus the issue was not preserved for appeal. See La. C.Cr.P. art. 841. The ruling of the court of appeal, which vacated the convictions and pretermitted all remaining assignments of error is reversed.
>
> However, the present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*. If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any

1

*Williams,* 2019-01690, p. 1 (La. 6/12/20), ___ So.3d __. However, because the *Ramos* decision (holding that jury verdicts in state felony trials must be unanimous and overruling longstanding precedent authorizing non-unanimous jury verdicts in state prosecutions) was handed down while the defendant's appeal, the Louisiana Supreme Court has remanded the case back to this court for an error patent review to determine the applicability of *Ramos.*

## *Discussion*

The record shows that the defendant was convicted by a ten-to-two vote of the responsive verdict of manslaughter. Following the verdict, the district court stated,

> Let the record reflect that the verdict was — the result of the polling is that it was ten, yes and two, no. I find that constitutes a valid verdict, and I accept the verdict from the jury. We will keep these polling slips under seal in the record.

Thus, because the defendant's case was on direct appeal at the time *Ramos* was determined, the decision is applicable and the defendant's conviction, based on a non-unanimous jury verdict, must be vacated. *See Ramos, supra; see also State v. Myles,* 2019-0965 (La. App. 4 Cir. 4/29/20), ___ So.3d ___, 2020 WL 2069885, *1; *State v. Donovan,* 2019-0722 (La. App. 4 Cir. 5/27/20), ___ So.3d ___; *State v. Hunter*, 2019-0901 (La. App. 4 Cir. 5/27/20), ___ So.3d ___).

## *Conclusion*

---

stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La. C.Cr.P. art. 920(2).
*State v. Williams,* 2019-01690, p. 1 (La. 6/12/20), ___ So.3d ___.

Pursuant to *Ramos,* we vacate the defendant's conviction and remand the matter back to the district court for further proceedings.

**CONVICTION VACATED; REMANDED.**